1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYCE TAIN, trustee of the TAIN FAMILY TRUST, dated September 23, 1997, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD P. HENNESSEY, JR.; and CHESTERFIELD CAPITAL GROUP, L.L.C., <br><br> Defendants. | CASE NO. 03cv1481- IEG - NLS <br><br> ORDER SETTING ASIDE DEFAULT JUDGMENT AS VOID <br> [Doc. 26] |

On March 3, 2009, Defendant Edward Hennessey specially appeared and filed a motion to set aside default judgment as void pursuant to Federal Rule of Civil Procedure 55(c) and Rule 60(b)(4). (Doc. 26.)  Defendant claims the Court lacks personal jurisdiction over him due to a defect in service of process.  In response, Plaintiff filed a notice of non-opposition.  (Doc. 31.)  Having reviewed the parties' submissions, and for the reasons set forth below, the Court GRANTS Defendant's motion.

## BACKGROUND

On July 24, 2003, Plaintiff filed the complaint alleging (1) fraud, (2) failure of consideration, (3) breach of contract, and (4) common count for money had and received.  (Doc. No. 1.)

On January 27, 2004, upon application by Plaintiff, the Court issued an Order for Service by Publication of Summons.  (Doc. No. 7.)  The Order required the summons be published in a newspaper of general circulation in St. Louis Missouri.  Id.  On October 18, 2004, Plaintiff filed her Proof of Service by Publication, which consisted of the Declaration of Monette L. Blue.  Ms. Blue

1   stated the summons had been published in the <u>Riverfront Times</u> "six times for six successive weeks

2   in the month of July."  The <u>Riverfront Times</u> is a free paper with no list of subscribers.

3         The Clerk of Court entered default on October 22, 2004.  Plaintiff then filed an Application

4   for Default Judgment, which the Court Granted in Part and Denied in Part on May 6, 2005.  Pursuant

5   the Court's order, judgment was entered against Defendant in the total amount of $365,120.75.

6         In late 2008, Plaintiff attempted to enforce the Judgment through the Circuit Court of St. Louis

7   County, Missouri by way of a garnishment of the Defendant's wages.  Until he received notice of the

8   garnishment proceedings, Defendant asserts he had no notice of the action against him and had no

9   opportunity to appear and respond to the complaint.

10                              **LEGAL STANDARD**

11         "Motions to vacate a default judgment, like the one in this case, are cognizable under Fed. R.

12   Civ. P. 60(b)."  <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 695 (9th Cir. 2001).  Rule

13   60(b)(4), the pertinent subsection, grants the Court discretion to relieve a party from a judgment if "the

14   judgment is void."  Fed. R. Civ. P. 60(b)(4).  A judgment is void where plaintiff has not made

15   effective service.  <u>See</u> <u>Mason v. Genisco Tech. Corp.</u>, 960 F.2d 849, 851 (9th Cir. 1992).

16         Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may serve an individual by

17   "following state law for serving a summons in an action brought in courts of general jurisdiction in

18   the state where the district court is located or where service is made."  In California, a summons may

19   be served by publication if "upon affidavit it appears . . . that the party to be served cannot with

20   reasonable diligence be served in another manner specified in this article . . . ."  Cal. Code. Civ. P. §

21   415.50.  California Government Code §6060 requires the notice be "published in a newspaper of

22   general circulation for the period prescribed."  A "newspaper of general circulation" is a "newspaper

23   published for the dissemination of local or telegraphic news and intelligence of a general character,

24   which has a bona fide subscription list of paying subscribers, and has been established . . . for at least

25   one year preceding the date of the publication . . . ."  Cal. Gov. Code §6000.

26                               **DISCUSSION**

27         In <u>Eureka Reporter v. Times-Standard</u>, 165 Cal. App. 4th 891, 895 (2008), the California Court

28   of Appeal found the Eureka Reporter was not a "newspaper of general circulation" because it was a

1    free newspaper that did not have a bona fide subscription list of paying customers.  The Court found

2    a list of recipients, who made donations to offset home delivery costs, did not qualify as a subscription

3    list because, among other things, the amount donated did not correspond to the number of issues

4    received.  Id.

5         In the instant case, the parties agree the Riverfront Times is not a "newspaper of general

6    circulation" because it does not have a "bona fide subscription list of paying customers.  The word

7    "free" appears on the upper right hand corner of the front page.  (Lodgement 1.)  On page 5, the

8    following statement appears:

9         *Riverfront Times* is available free of charge, limited to one copy per
          reader.  Additional copies of the current issue may be purchased for
10        $1.00 plus postage, payable in advance at the *Riverfront Times* office.
          *Riverfront Times* may be distributed only by *Riverfront Times*
11        authorized distributors.   No person may, without prior written
          permission of *Riverfront Times*, take more than one copy of each
12        *Riverfront Times* weekly issue.

13   (Lodgement 1 at 5.) This statement indicates the Riverfront Times does not have a subscription list,

14   but instead is distributed for free by local distributors.  Therefore, publication in the Riverfront Times

15   does not satisfy California's service by publication, rendering service defective.  For this reason, the

16   Court GRANTS Defendant's motion to set aside judgment because the judgment is void.

17   **IT IS SO ORDERED.**

18

19   **DATED:  April 30, 2009**

20                                        **IRMA E. GONZALEZ, Chief Judge**
21                                        **United States District Court**

22

23

24

25

26

27

28