# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYCE TAIN, trustee of the TAIN FAMILY TRUST, dated September 23, 1997,<br><br>                                 Plaintiff,<br>    vs.<br><br>EDWARD P. HENNESSEY, JR. AND CHESTERFIELD CAPITAL GROUP, L.L.C.,<br>                                Defendants. | CASE NO. 03cv1481 - IEG- NLS<br><br>ORDER DENYING DEFENDANT EDWARD HENNESSEY'S MOTION TO DISMISS<br><br>[Doc. No. 37.] |

      In this breach of contract action, Defendant Edward Hennessey moves to dismiss the complaint pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure. Specifically, Defendant asserts Plaintiff did not complete service within 120 days of the filing of the complaint and Plaintiff has willfully failed to prosecute the action. Having considered the parties' submissions, the Court DENIES Defendant's motion for the following reasons.

## BACKGROUND

      On June 24, 1999, the parties entered into a written contract, whereby Plaintiff agreed to purchase from Defendant 50% of Chesterfield Capital Group, L.L.C., a Missouri limited liability company. On July 23, 2003, Plaintiff filed a complaint seeking (1) rescission of the contract based on fraud; (2) rescission of the contract based on failure of consideration; (3) exemplary and punitive damages for fraud; (4) damages for breach of contract; and (5) relief under a common count for money

had and received. (Doc. No. 1.) On January 26, 2004, the Court granted Plaintiff's motion for service by publication of summons.

On October 18, 2004, Plaintiff filed a proof of service by publication, having published the summons six times for six successive weeks in the Riverfront Times, a Missouri periodical. (Doc. No. 10.) Based on this service, and the ensuing failure of Defendants to appear, the Court granted default judgment in favor of Plaintiff on July 15, 2005. (Doc. No. 25.)

On April 30, 2009, upon Defendant's motion, the Court set aside default judgment as void because publication in the Riverfront Times, a free newspaper with no subscription list, does not satisfy California's service by publication requirements, rendering service defective. (Doc. No. 33.) On June 2, 2009, Plaintiff filed an executed alias summons, which had been served on Defendant on May 21, 2009. (Doc. No. 36.)

On June 10, 2009, Defendant filed the instant motion, seeking to dismiss the action for lack of prosecution. (Doc. No. 37.) Plaintiff filed an opposition and Defendant filed a reply. This matter is amenable to disposition without oral argument pursuant to Local Civil Rule 7.1(d).

**LEGAL STANDARDS**

**A.   Rule 41(b) Standard**

Rule 41(b) permits a defendant to move for dismissal of the action if "the plaintiff fails to prosecute or comply with" the Rules. Fed. R. Civ. P. 41(b). When considering a Rule 41(b) motion, a court must consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

**B.   Rule 4(m) Standard**

If a defendant "is not served within 120 days after the complaint is filed," the Court must either dismiss the claims against that defendant or "order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, Rule 4(m) expressly requires the Court grant an extension of time when the plaintiff shows "good cause" for the delay. Id. At a minimum, "good cause" means excusable neglect. Boudette v. Barnett, 923 F.2d 754, 756 (9th Cir. 1991). Further, the court may grant an

1 extension even in the absence of good cause, taking into account various factors: "a statute of
2 limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service." Efaw
3 v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007)(internal quotations and citations omitted).

## DISCUSSION

**A.  Motion to Dismiss under Rule 41(b)**

i.  Parties' Argument

Defendant believes the five factors articulated by the court in Pagtalunan weigh in favor of Rule 41(b) dismissal.  First, Defendant argues the public interest in expeditious resolution of litigation weighs in favor of dismissal because there has been a pattern of delay throughout the litigation.  Second, Defendant argues the Court's need to manage its docket supports dismissal because Plaintiff has abused the docket by causing unnecessary hearings.  Third, Defendant argues he will be prejudiced unless the Court dismisses the action because he has lost vital documents, he is unable to locate key witnesses, and the witnesses' memories have faded.  Fourth, Defendant acknowledges no less drastic remedy is available.  Fifth, Defendant argues public policy favoring disposition on the merits is outweighed by the other factors.

Plaintiff contends the five Pagtalunan factors weigh against dismissal.  First, Plaintiff contends she served the public interest by diligently pursuing the action through judgment and, upon realizing the defect in service, expeditiously remedied the defect.  Second, Plaintiff believes she has not abused the Court's docket because the action has consumed little of the Court's time.  Third, Plaintiff argues Defendant will not be significantly prejudiced because the primary factual dispute arises from a conversation between Michael Tain and Defendant, whom are both available to testify.  Fourth, Plaintiff agrees there are no less drastic remedies.  Fifth, Plaintiff believes public policy favoring disposition on the merits weighs against dismissal..

ii.  Analysis

"[D]ismissal is a harsh penalty and, therefore, it should only be imposed in *extreme circumstances*."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (emphasis in the original).  Before ordering such a sanction, the Court must evaluate the Pagtalunan factors.  In the case at bar, the first factor, the public interest in expeditious resolution of litigation, weighs in favor of terminating

1  sanctions because Plaintiff filed this case over six years ago.  However, the second factor, the Court's
2  need to manage its docket, weighs against dismissal: the case has heretofore consumed little of the
3  Court's time or resources and there is no evidence Plaintiff has abused the docket.

4  The third factor, prejudice to Defendant, weighs against terminating sanctions. A presumption
5  of prejudice arises from a plaintiff's unexplained failure to prosecute.  Laurino v. Syringa Gen. Hosp.,
6  279 F.3d 750, 753 (9th Cir. 2002).  However, once a plaintiff overcomes this presumption by
7  providing a nonfrivolous explanation, the burden shifts to the defendant to produce evidence of
8  prejudice from the delay.  Nealy v. Tranportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1281 (9th
9  Cir. 1980).  In the case at bar, Plaintiff has provided a nonfrivolous excuse for the failure to serve
10 Defendant: Plaintiff mistakenly relied on representations by the Riverfront Times that it was a
11 newspaper of general circulation. Conversely, Defendant fails to carry his burden because he has not
12 produced evidence of prejudice: the written contract still exists and the witnesses to the contract,
13 Defendant and Michael Tain, are available to testify.  Accordingly, this factor weighs against
14 terminating sanctions.

15 As to the fourth factor, there are no lesser sanctions available other than dismissal.  The fifth
16 factor, the policy favoring disposition on the merits, strongly weighs against dismissal. Balancing the
17 factors, the Court finds they weigh against dismissal.

18 Defendant's reliance on other "delays" by Plaintiff is unpersuasive. First, Defendant asserts
19 Plaintiff delayed filing the suit for almost four years following the alleged injury.  This delay is
20 immaterial because the legislature has already determined such "delay" is inherently reasonable. See
21 Cal. Code Civ. P. § 337 (requiring an action based on a written contract be commenced within four
22 years). Second, Defendant contends Plaintiff unreasonably waited to secure default judgment until
23 two years after the filing of the case. Reviewing the docket, it appears Plaintiff appropriately pursued
24 the action through entry of default judgment, belying Defendant's claim.  Third, Defendant asserts
25 Plaintiff waited more than three years to pursue collection of the judgment in Missouri.  Again, the
26 Court declines to review the legislature's determination that "an action upon a judgment . . . of any
27 court of the United States" must be commenced within ten years. Cal. Code Civ. P. §337.5.  These
28 purported delays were reasonable and do not affect the Court's decision.  Accordingly, the Court

DENIES Defendants Rule 41(b) motion.

**B.     Motion to Dismiss under Rule 4(m)**

i.     Parties' Arguments

Defendant argues Rule 4(m) dismissal is appropriate because Plaintiff did not properly serve the summons and complaint within 120 days of filing. Defendant argues the failure to serve has extended over six years, during which Plaintiff was represented by counsel. Efaw, 473 F.3d at 1041. Additionally, Defendant notes Plaintiff failed to move for enlargement of time under Rule 6(b).

Plaintiff argues good cause exists to extend the time to serve the summons. First, Plaintiff contends her choice of newspaper was an innocent miscommunication between counsel's legal secretary and the representative of the Riverfront Times. When asked by the legal secretary, the representative from the Riverfront Times asserted the paper printed legal notices and was a newspaper of general circulation. Second, Plaintiff contends Defendant evaded service, constituting "good cause" for delay. Plaintiff asserts she diligently attempted to serve Defendant, attempted to serve by publication, obtained default judgment, and then aggressively pursued collection of the judgment. Plaintiff discounts its failure to submit a Rule 6(b) motion. Finally, Plaintiff notes Defendant has been personally served in this action.

ii.     Analysis

The Court may order dismissal on Defendant's motion. Fed. R. Civ. P. 4(m). When evaluating the Rule 4(m) motion, the Court must determine whether Plaintiff has shown "good cause" for the failure to effect timely service. Courts generally equate the "good cause" standard with the "excusable neglect" standard of Rule 6(b)(1)(B). Accordingly, a plaintiff can satisfy the good cause standard by demonstrating "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified under the rules." Nanyonga v. I.N.S., 200 F.R.D. 503, 506 (M.D. Pa. 2001). The Court may consider whether a plaintiff has shown "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severally prejudiced if his complaint were dismissed." Bodette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).

In the case at bar, the Court finds Plaintiff has shown good cause for the failure to effect timely

1  service. Plaintiff mistakenly relied upon the representations by the Riverfront Times when she
2  attempted to serve Defendant by publication. Plaintiff made this mistake in good faith and had a
3  reasonable basis for noncompliance within the time specified. Further, the factors set forth in Bodette
4  weigh against dismissal: (a) Defendant has actually been served in this case, albeit outside Rule 4(m)'s
5  120-day window; (b) Defendant will not suffer any prejudice; and (c) Plaintiff would be severely
6  prejudiced if her complaint were dismissed because the statute of limitations would bar refiling.
7  Accordingly, the Court DENIES Defendant's Rule 4(m) motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions in their entirety.

**IT IS SO ORDERED.**

**DATED: July 16, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**