1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TRAYCE TAIN, trustee of the Tain Family          CASE NO. 03-CV-1481 - IEG (NLS)
     Trust, dated September 23, 1997,
12                                                     ORDER:
                                       Plaintiff,
13           vs.                                       GRANTING IN PART AND
                                                       DENYING IN PART DEFENDANT'S
14                                                     MOTION TO DISMISS
     EDWARD P HENNESSEY, JR.; and
15   CHESTERFIELD CAPITAL GROUP, LLC,                  [Doc. No. 45]

16                                     Defendants.

17

18           This is a breach of contract case, with the underlying facts going back ten years. Currently

19   before the Court is Defendant Hennessey's Motion to Dismiss, filed on August 7, 2009. [Doc. No. 45].

20   Having considered the parties arguments, and for the reasons set forth below, the Court GRANTS IN

21   PART and DENIES IN PART Hennessey's Motion to Dismiss.

22                                          **BACKGROUND**

23   **A.      Factual Background**

24           This case arises from a contract dispute between Plaintiff, co-trustee of the Tain Family Trust

25   ("Trust"), and Hennessey. On June 24, 1999, Plaintiff and Hennessey entered into a written contract,

26   which was negotiated and entered into in the County of San Diego ("Agreement"). (Compl. ¶ 6; see

27   also id., Ex. A [hereinafter Agreement].) Plaintiff agreed, on behalf of the Trust, to purchase a fifty-

28   percent interest in the Chesterfield Capital Group, LLC ("Chesterfield company") for a total purchase

price of $350,000. (Compl. ¶ 6; Agreement art. 2.3.) The Agreement also provided that, no later than ninety days from the date of closing, Plaintiff was required to make an additional capital contribution of $250,000 to the Chesterfield company. (Agreement art. 2.4.)

At the time the parties entered into the contract, Hennessey was the Chesterfield company's licensed securities broker. (Compl. ¶ 7.) According to Plaintiff, Hennessey promised Plaintiff that he would use his securities license to generate substantial sums of money for the Chesterfield company. (Id.) Hennessey also allegedly offered Plaintiff the opportunity to make the additional $250,000 capital contribution to the Chesterfield company, advising Plaintiff that the Chesterfield company would provide the Trust with a high rate of return on its investments. (Id.) Neither of these promises, however, appears in the Agreement.[1] Moreover, the Agreement contains an integration clause, which provides in pertinent part as follows:

> This Agreement and any agreement, instrument or document to be executed in connection herewith (as referenced herein) contain the parties' entire understanding and agreement with respect to the subject matter hereof. Any discussions, agreements, promises, representations, warranties or statements between the parties or their representatives (whether or not conflicting or inconsistent) that are not expressly contained or incorporated herein shall be null and void and are merged into this Agreement.

(Agreement art. 8.3.)

Plaintiff alleges that, in reliance on Hennessey's representations, it paid the $350,000 purchase price on behalf of the Trust, as well as $10,000 toward capital contribution. (Compl. ¶ 8.) However, around August 1999, before Plaintiff was required to pay the remaining $240,000 capital contribution as provided by the Agreement, Hennessey apparently demanded that Plaintiff contribute an additional $750,000 on behalf of the Trust. ( Id. ¶ 9.) When Plaintiff refused, Hennessey allegedly declined to use his securities license to benefit the company and eventually abandoned the company. (Id.) Accordingly, Plaintiff never paid the remaining $240,000 still owed under the Agreement. (Id. ¶ 22.)

**II.    Procedural Background**

On July 24, 2003, Plaintiff commenced this action against Hennessey and the Chesterfield

---

[1] Indeed, although the parties do not address this, the Agreement appears to explicitly provide that Plaintiff, as the buyer, "specifically acknowledges that there is no assurance that the operation of the business of company will be profitable at all." (Agreement art. 4.5(e).) Moreover, in signing the Agreement, Plaintiff acknowledged "that he fully understands the nature and risks of his investment in the membership interest and can afford a total loss of his investment." (Id. art. 4.5(f).)

company, alleging causes of action for: (1) rescission of contract based on fraud, (2) rescission of contract based on failure of consideration, (3) fraud, (4) breach of contract, and (5) common count for money had and received. (Compl. ¶¶ 5-27.) On May 5, 2005, after Defendants failed to answer, the Court granted in part and denied in part Plaintiff's application for default judgment. [Doc. No. 17].

However, on April 30, 2009, after finding that Plaintiff's chosen method of publication did not satisfy California's service by publication rules, the Court granted Defendant Hennessey's motion to set aside judgment. [Doc. No. 33]. Subsequently, on August 7, 2009, Hennessey filed the present motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citing Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)).

Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950.

Where the defendant alleges that dismissal is proper because the plaintiff's claims are barred by the applicable statute of limitations, the Court must determine "whether 'the running of the statute [of limitations] is apparent on the face of the complaint.'" Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citations omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995).

**DISCUSSION**

**I.    Parol Evidence Rule**

    A.    <u>Parties' arguments</u>

Hennessey first relies on Code of Civil Procedure § 1856 ("Section 1856"),[2] which is California's statutory expression of the parol evidence rule ("PER"), in arguing that the Agreement supercedes and bars enforcement of any alleged promises or misrepresentations made *prior* to the Agreement. <u>See</u> CAL. CIV. PROC. CODE § 1856(a). According to Hennessey, the Agreement contains no covenant or promise that Hennessey would do anything beyond conveying to Plaintiff the 50% membership interest in the Chesterfield company in exchange for $350,000. Thus, because the Agreement is fully integrated, Hennessey argues Section 1856 bars evidence of any prior inconsistent or consistent terms. Moreover, Hennessey argues the Agreement's broad integration clause , which makes any alleged obligations "not contained or incorporated" in the written agreement "null and

---

[2] Section 1856 provides in full:

(a) Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement.

(b) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by evidence of consistent additional terms unless the writing is intended also as a complete and exclusive statement of the terms of the agreement.

(c) The terms set forth in a writing described in subdivision (a) may be explained or supplemented by course of dealing or usage of trade or by course of performance.

(d) The court shall determine whether the writing is intended by the parties as a final expression of their agreement with respect to such terms as are included therein and whether the writing is intended also as a complete and exclusive statement of the terms of the agreement.

(e) Where a mistake or imperfection of the writing is put in issue by the pleadings, this section does not exclude evidence relevant to that issue.

(f) Where the validity of the agreement is the fact in dispute, this section does not exclude evidence relevant to that issue.

(g) This section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section 1860, or to explain an extrinsic ambiguity or otherwise interpret the terms of the agreement, or to establish illegality or fraud.

(h) As used in this section, the term agreement includes deeds and wills, as well as contracts between parties.

1   void." similarly bars all of Plaintiff's claims. (See Agreement art. 8.3.)

2        Plaintiff responds that the extrinsic evidence in this case is admissible because it is being

3   offered to prove a meaning to which the language of the Agreement is reasonably susceptible–i.e., to

4   show what the parties meant by their respective promises. Thus, according to Plaintiff, extrinsic

5   evidence should be admitted to show the *value of the right to income* that was implied in Hennessey's

6   promise to convey his 50% membership interest. Moreover, Plaintiff argues Section 1856 does not

7   bar it from introducing evidence showing it was *fraudulently induced* to enter the Agreement.

8        B.    Legal standard

9        Section 1856 is California's codification of the PER, and it "'generally prohibits the

10  introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an

11  integrated written instrument.'" Case Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 343 (2004) (citations

12  omitted). It is a "substantive rule of law" pursuant to which "'the act of executing a written contract

13  . . . *supercedes* all the negotiations or stipulations concerning its matter which preceded or

14  accompanied the execution of the instrument.'" Id. at 343-44 (quoting BMW of North Am., Inc. v.

15  New Motor Vehicle Bd., 162 Cal. App. 3d 980, 990 (1984)). "In other words, the evidentiary

16  consequences of the rule follow from its substantive component–which establishes, as a matter of law,

17  the enforceable and incontrovertible terms of an integrated written agreement." Id. at 344.

18       This general rule, however, is subject to several exceptions, among which is the admissibility

19  of extrinsic evidence "to establish illegality or fraud." CAL. CIV. PROC. CODE 1856(g). For Section

20  1856(g) to apply, the extrinsic evidence "must tend to establish some *independent* fact or

21  representation, some *fraud in the procurement* of the instrument or some breach of confidence

22  concerning its use, and not a promise directly at variance with the promise of the writing." Bank of

23  Am. Nat'l Trust & Sav. Ass'n v. Pendergrass, 4 Cal. 2d 258, 263 (1935) (emphases added). In other

24  words, while California law does not recognize an exception where Plaintiff argues the written

25  agreement provides for something contrary to its express provisions,[3] it does recognize such an

---

[3] To recognize a broad exception for fraud would, in the words of the California Supreme Court, nullify the whole rule: "for conceding that such an agreement is proved, or any other contradicting the written instrument, the party seeking to enforce the written agreement according to its terms, would always be guilty of fraud." Pendergrass, 4 Cal. 2d at 263.

exception where Plaintiff alleges he was *fraudulently induced* to enter into that agreement by a separate and independent promise. See Simmons v. Cal. Inst. of Tech., 34 Cal. 2d 264, 274-75 (1949) (en banc); Ron Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp., 32 Cal. App. 4th 985, 995 (1995); Bank of Am. Nat'l Trust & Sav. Ass'n v. Lamb Fin. Co., 179 Cal. App. 2d 498, 502 (1960); see accord Bell v. Exxon Co., U.S.A., 575 F.2d 714, 715-16 (9th Cir. 1978) (per curiam).

### C.   Analysis

#### i.   Claim One (rescission of contract based on fraud)

Plaintiff persuasively argues that neither Section 1856 nor the Agreement's integration clause bar its claim for rescission based on fraud. Specifically, Hennessey's alleged promise to use his securities license to generate substantial sums of money for the Chesterfield company and his promise that the Chesterfield company would provide the Trust with a high rate of return on its investments appear to be promises that are *independent* of the underlying subject matter of the contract. In other words, these promises were the consideration–i.e., the *inducement*–for Plaintiff's agreement to enter into the written contract in the first place.[4] (See, e.g., Compl. ¶¶ 7-8, 11-12; Pl. Opposition, at 4-5.)

In this regard, the Ninth Circuit's decision in Bell, 575 F.2d 714, is informative. There, the contract expressly reserved to the defendant "the right to make allocation of available gasoline supplies among its customers." Bell, 575 F.2d at 716. Plaintiff, however, argued the defendant represented to him that it "would exercise that right in a manner that fully protected [the plaintiff's] service needs," which seemingly contradicted the express terms of the contract. Id. Applying California law, the Ninth Circuit concluded that the parol evidence of these oral statements was "admissible to show fraudulent inducement to enter into a contract, . . . even though the contract recites that all conditions and representations are embodied therein." Id. at 715-16 (quotations marks and citations omitted).

The same is true with regard to Plaintiff's Claim One. Although the Agreement says nothing about Hennessey's alleged promise to use his license to generate a substantial sum of money for the

---

[4] The Court notes that the exception for fraudulent inducement applies regardless of whether the written contract at issue is fully integrated. See, e.g., Morris v. Harbor Boat Bldg. Co., 112 Cal. App. 2d 882, 888-89 (1952) (quoting Ferguson v. Koch, 204 Cal. 342, 347 (1928)); see also Bell, 575 F.2d at 715-16. Accordingly, the Court need not decide this issue at this point.

1   Chesterfield company or that the Trust will receive a high rate of return on its investments, parol

2   evidence of such oral statements is admissible "to show fraudulent inducement to enter into a

3   contract." <u>See id.</u>; <u>see also</u> <u>Hinesley v. Oakshade Town Center</u>, 135 Cal. App. 4th 289, 301 (2005)

4   (noting that "[f]raud in the inducement renders the entire contract voidable" despite any

5   "integration/no oral representations clause" to the contrary); <u>Oak Industries, Inc. v. Foxboro Co.</u>, 596

6   F. Supp. 601, 607 (S.D. Cal. 1984) (same). Accordingly, neither Section 1856 nor the Agreement's

7   integration clause bar the parol evidence of the alleged promises with regard to Plaintiff's Claim One.

8          Having concluded that the extrinsic evidence is admissible, the Court next proceeds to

9   determine whether Plaintiff has pled sufficient facts to state a claim for relief. <u>See</u> Bell Atl., 550 U.S.

10   at 570. Pursuant to <u>Iqbal</u>, 129 S.Ct. at 1950, the Court must first identify pleadings that are "entitled

11   to assumption of truth," and must then determine whether those factual allegations "give rise to an

12   entitlement to relief." In the present case, Plaintiff has adequately pled that: (1) Hennessey knowingly

13   made false representations about the value of the Chesterfield company, (2) Hennessey never intended

14   to use his securities license to benefit the company, (3) Plaintiff relied on Hennessey's

15   misrepresentations, and (4) Plaintiff was subsequently damaged in the amount of $360,000. (<u>See</u>

16   Compl. ¶¶ 7-14.) Assuming these factual allegations as true, the Court finds they state a claim for

17   rescission based on fraud. <u>See</u> <u>Lazar v. Sup. Ct.</u>, 12 Cal. 4th 631, 638 (1996) (quoting 5 WITKIN,

18   SUMMARY OF CAL. LAW § 685, at 786-87 (9th ed. 1988)) (setting out the elements of fraud).

19                    *ii.      Claim Two (rescission of contract based on failure of consideration)*

20          Parol evidence of the alleged promises is irrelevant to Claim Two, which seeks recovery for

21   alleged failure of consideration under the Agreement. California law allows a party to seek rescission

22   for failure of consideration. <u>See</u> CAL. CIV. CODE § 1689(b)(2), (3), (4).[5] The right to rescind exists

23

24          [5] Section 1689(b) provides, in relevant part:

25          (b) A party to a contract may rescind the contract in the following cases:

26                . . . .

27                (2) If the consideration for the obligation of the rescinding party fails, in whole
                    or in part, through the fault of the party as to whom he rescinds.
28

                (3) If the consideration for the obligation of the rescinding party becomes

even if "there has been a partial performance by the party against whom the right is exercised." Coleman v. Mora, 263 Cal. App. 2d 137, 150 (1968) (citations omitted). However, "a failure of consideration must be 'material,' or go to the 'essence' of the contract before rescission is appropriate." Wyler v. Feuer, 85 Cal. App. 3d 392, 403-04 (1978) (citations omitted). "Whether a breach constitutes a failure of consideration sufficient to be deemed material and thus to warrant rescission of a contract is a question of fact . . . ." Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc., 822 F.2d 833, 840 (9th Cir. 1987) (citations omitted).

In the present case, even without the extrinsic evidence of the alleged promises, Plaintiff has pled sufficient facts to state a claim for rescission based on failure of consideration. See Bell Atl., 550 U.S. at 570. First, Plaintiff has pled that the Chesterfield company apparently had no assets, it was an "empty shell," and has never generated any return on the Trust's investments. (See Compl. ¶ 16.) Second, assuming these factual allegations as true, the Court finds they state a claim for rescission based on failure of consideration. See CAL. CIV. CODE § 1689(b)(2), (3), (4).

### iii.    Claim Three (fraud)

In Claim Three, Plaintiff seeks damages for fraud. The analysis is the same as with respect to Plaintiff's Claim One. Specifically, Plaintiff once again argues that the alleged promises by Hennessey were the *inducement* to enter into the Agreement, which damaged Plaintiff in the amount of $360,000. (Compl. ¶¶ 18-20.) There can be no dispute that a defrauded plaintiff "may, in the same action, seek rescission or damages in the event rescission cannot be obtained." Williams v. Marshall, 37 Cal. 2d 445, 457 (1951) (citing Bancroft v. Woodward, 183 Cal. 99 (1920)); see also DeCampos v. State Comp. Ins. Fund, 122 Cal. App. 2d 519, 526 (1954) (citations omitted). While Plaintiff obviously cannot *recover* on both theories at the end of trial, "[t]here is no good reason why [it] should be compelled to make an election between those remedies *during the course* of the trial." See Williams, 37 Cal. 2d at 457 (emphasis added). Accordingly, for the same reasons as stated with regard to Plaintiff's Claim One, neither Section 1856 nor the Agreement's integration clause bar the extrinsic

---

entirely void from any cause.

(4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause.

evidence of the alleged promises with regard to Plaintiff's Claim Three. Moreover, for the same reasons as stated there, the Court finds Plaintiff has pled sufficient facts to state a claim for damages based on fraud.[6] See Lazar, 12 Cal. 4th at 638 (quoting 5 WITKIN, SUMMARY OF CAL. LAW § 685, at 786-87 (9th ed. 1988)) (setting out the elements of fraud).

<em>iv.      Claim Four (breach of contract)</em>

On the other hand, Claim Four cannot survive in the absence of the alleged extrinsic evidence. In Claim Four, Plaintiff alleges that Hennessey breached the Agreement when he demanded that Plaintiff contribute $1,000,000 to the Chesterfield company rather than the agreed contribution of $250,000. (Compl. ¶ 23.) According to Plaintiff, when it did not comply, Hennessey abandoned the company rendering it valueless. (Id.) However, the Agreement never provided that Hennessey would make the company profitable. On the contrary, the Agreement expressly states that Plaintiff, as the buyer, "specifically acknowledges that there is no assurance that the operation of the business of company will be profitable at all." (Agreement art. 4.5(e).) Moreover, in signing the Agreement, Plaintiff acknowledged "that he fully understands the nature and risks of his investment in the membership interest and can afford a total loss of his investment." (Id. art. 4.5(f).)

Thus, to allow Plaintiff to introduce with respect to Claim Four parol evidence of the alleged promises that contradict the terms of the Agreement would be to do precisely what the California Supreme Court cautioned should not be done, lest the fraud exception nullify the whole rule. See Pendergrass, 4 Cal. 2d at 263. This is a distinction worth noting again–while parol evidence can be admitted to show that a party was fraudulently induced to *enter* into the agreement, such evidence cannot be admitted to show "promissory fraud" that in effect *varies* the terms of a fully integrated agreement.[7] See, e.g., Oak Industries, 596 F. Supp. at 607-09 (describing the fine line between the two

---

[6] This does not mean, however, that this claim cannot still be dismissed as being time-barred by the applicable statute of limitations. (See infra Part IV.C.iii.)

[7] In this case, the presence of a broad integration clause in the Agreement, (Agreement art. 8.3), leaves little doubt that the Agreement is fully integrated. See Banco Do Brasil, S.A. v. Latian, Inc., 234 Cal. App. 3d 973, 996-97, 1001-08 (1991) (finding an agreement with similarly broad integration clause to be completely integrated); see also Airs Int'l, Inc. v. Perfect Scents Distrib., Ltd., 902 F. Supp. 1141, 1146 (N.D. Cal. 1995) ("[T]here is no evidence of the surrounding circumstances presented on the instant motion which would naturally subvert the plain terms of the integration clause. Thus, this is one of those cases in which the integration clause should be regarded as

1   alternatives); see also Cont'l Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal App. 3d 388, 419

2   (1989) ("[Fraud exception] does not apply where, as here, parol evidence is offered to show a

3   fraudulent promise directly at variance with the terms of the written agreement." (citations omitted)).

4          Plaintiff's argument that the extrinsic evidence is being offered to *prove the meaning* of the

5   terms of the Agreement is unavailing. While an exception to the general rule does exist that allows

6   extrinsic evidence to be introduced to explain the meaning of a written contract, "the test for

7   admissibility is whether the meaning urged is one to which the written contract terms are reasonably

8   susceptible." BMW, 162 Cal. App. 3d at 991 n.4 (citing Pac. Gas & Elec. Co. v. G.W. Thomas

9   Drayage Co., 69 Cal. 2d 33, 40 (1968)). In the present case, the alleged promises that (1) Hennessey

10  will use his license to make the company profitable and (2) the company will yield a high return on

11  the Trust's investments are *directly contradictory* to the terms of the Agreement, which (a) provide

12  that Hennessey is only obligated to transfer his 50% membership interest to Plaintiff and (b) expressly

13  state that a total loss of Plaintiff's investment is possible. (See, e.g., Agreement arts. 1.13, 2.1, 4.5(e),

14  4.5(f).) Accordingly, Section 1856 and the Agreement's integration clause bar extrinsic evidence of

15  the alleged promises. See Cont'l Airlines, 216 Cal. App. 3d at 419-21.

16         With extrinsic evidence barred, the remaining facts demonstrate that Hennessey fully

17  performed under the Agreement, and therefore Claim Four cannot survive a Rule 12(b)(6) motion. See

18  Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, No. 07-CV-912-IEG (BLM), 2007 WL

19  3047093, at *5 (S.D. Cal. Oct. 16, 2007) ("'Applying these parol evidence rules, courts have granted

20  motions to dismiss on contract claims where it is clear from the unambiguous terms of the contract

21  that the alleged conduct by the defendant does not constitute a breach of contract.'" (citation omitted)).

22              *v.     Count Five (common count for money had and received)*

23         Finally, the Court need not decide whether the extrinsic evidence is admissible with respect

24  to Plaintiff's Claim Five because, as discussed below, any recovery on Claim Five is barred by the

25  applicable statute of limitations. (See infra Part IV.C.iv.)

26  **II.     Plaintiff's Alleged Breach**

27              A.     Parties' arguments

28  ─────────────────

'conclusive' or 'controlling.'"). Moreover, Plaintiff does not appear to argue to the contrary.

1    Next, Hennessey argues that Claim Two ("rescission of contract based [on] failure of

2    consideration") and Claim Four ("breach of contract") should be dismissed because the complaint

3    shows on its face: (1) that Plaintiff received all the consideration due under the Agreement, and (2)

4    that Plaintiff, not Hennessey, breached the Agreement when it failed to make the $250,000 capital

5    contribution in full as required by the Agreement.[8] (See Agreement art. 2.4.)

6    Plaintiff responds that its failure to pay the remaining $240,000 was excused by Hennessey's

7    demand that Plaintiff contribute an additional $750,000 to the Chesterfield company and Hennessey's

8    subsequent refusal to use his license to benefit the company. According to Plaintiff, this amounted to

9    anticipatory repudiation by Hennessey.[9]

10   B.   Legal standard

11   "A party complaining of the breach of a contract is not entitled to recover therefor unless he

12   has fulfilled his obligations." Pry Corp. of Am. v. Leach, 177 Cal. App. 2d 632, 639 (1960) (citations

13   omitted). However, "[i]t is well settled that the breach of an important condition may excuse the other

14   party from performance." Wiz Tech., Inc. v. Coopers & Lybrand, 106 Cal. App. 4th 1, 12 (2003)

15   (citations omitted). Thus, under California law, "[t]he general rule is that if the breach is a material

16   breach, it may give grounds for the non-breaching party to cancel the contract." Comedy Club, Inc.

17   v. Improv West Assocs., 553 F.3d 1277, 1289 n.12 (9th Cir. 2009).

18   Failure of consideration occurs where there is a "'failure to execute a promise, the performance

19   of which has been exchanged for performance by the other party.'" Taliaferro v. Davis, 216 Cal. App.

20   2d 398, 410 (1963) (citation omitted). As provided for in Section 1689 of the Civil Code, failure of

21   consideration authorizes a rescission. Id. at 411. However, to obtain a rescission, the rescinding party

22   must demonstrate that the failure of consideration amounts to a material breach. See id. at 411-12.

23   "Whether a breach constitutes a failure of consideration sufficient to be deemed material . . . is a

24

25   [8] Hennessey also contends that Plaintiff's allegations that Plaintiff "accepted performance" under the contract directly contradict Plaintiff's attempt to recover for "failure of consideration."

26   However, because Plaintiff is allowed to plead alternative theories of recovery, the Court rejects this argument. See FED. R. CIV. P. 8(d)(2), (3).

27   [9] According to Hennessey, the doctrine of anticipatory repudiation does not apply in this case

28   because: (1) Plaintiff failed to allege "a clear, positive, and unequivocal refusal" on behalf of Hennessey to perform, and (2) this doctrine has no application where executory covenants remain unperformed by a promisor.

1    question of fact . . . ." <u>Air Fla. Sys.</u>, 822 F.2d at 840 (citations omitted); <u>see accord</u> <u>Whitney Inv. Co.</u>

2    <u>v. Westview Dev. Co.</u>, 273 Cal. App. 2d 594, 601 (1969) (citations omitted).

3

4            <u>C.      Analysis</u>

5            Because the Court has already determined that Plaintiff cannot recover on Claim Four, (<u>see</u>

6    <u>supra</u> Part I.C.iv), the Court need only consider Hennessey's argument that the complaint on its face

7    shows that there was no failure of consideration. However, apart from conclusory statements that there

8    was no failure of consideration because Plaintiff's allegations are not covered by the terms of the

9    Agreement, Hennessey completely fails to refute Plaintiff's specific allegations that:

10           There has been a material failure in the consideration received by Plaintiff, in that the
             Company in which Plaintiff purchased one half interest for $350,000, and to which
11           Plaintiff contributed another $10,000, *has no value*. It is an *empty shell*. Defendant has
             *never provided any accounting* of the business of the Company, it has *no assets* and
12           has *never generated any return* on Plaintiff's investments.

13   (Compl. ¶ 16 (emphases added).) Accordingly, taking the terms of the Agreement as they are,

14   Hennessey failed to refute Plaintiff's allegation that there was a failure of consideration *after* the

15   parties entered into the Agreement. <u>See</u> <u>Taliaferro</u>, 216 Cal. App. 2d at 411 (1963) ("[F]ailure of

16   consideration is based, not upon facts existing at the time the mutual promises bargained for in a

17   bilateral contract are made, but upon some fact or contingency which occurs between the time of the

18   making of the contract and the action which results in the material failure of performance by one

19   party." (citation omitted)). Thus, accepting Plaintiff's allegations as true, they appear sufficient to state

20   a claim for rescission based on failure of consideration. <u>See</u> CAL. CIV. CODE § 1689(b)(2), (3), (4).

21   **III.    Recovery for "Money Had and Received"**

22           Hennessey next argues that Plaintiff's Claim Five for "money had and received" should be

23   dismissed because it was improperly pled and because it is subject to a two-year statute of limitations.

24   As discussed below, the Court agrees that Claim Five is barred by the applicable three-year statute of

25   limitations. Accordingly, the Court need not determine whether Claim Five was properly pled.

26   **IV.     Statutes of limitations**

27           <u>A.      Parties' arguments</u>

28           Finally, Hennessey argues that all of Plaintiff's claims should be dismissed because they are

barred by the three-year statute of limitations that applies to any "action for relief on the ground of fraud or mistake." <u>See</u> CAL. CIV. PROC. CODE § 338(d). According to Hennessey, Section 338(d) should apply in this case because fraud is the basis of Plaintiff's legal injury in each of the claims.

Plaintiff responds that Claims One, Two, and Four should be governed by the four-year statute of limitations that applies to any rescission cause of action as well as to any cause of action upon a written contract. <u>See</u> <u>id.</u> § 337(1), (3).

B.    Legal standard

"The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded." <u>Day v. Greene</u>, 59 Cal. 2d 404, 411 (1963) (citations omitted). Thus, where the gravamen of the complaint is fraud, the court will apply the three-year statute of limitations found in Section 338(d), regardless of whether the complaint pleads a cause of action in tort or contract. <u>See</u> <u>id.</u> "The fact that a breach of contract is involved is not decisive as to the applicable statute of limitations." <u>Id.</u> However, Section 338(d) does not apply where a more specific statute of limitations is applicable. <u>See</u> <u>Cooper v. Buxton</u>, 186 Cal. 330, 332 (1921) (en banc).

C.    Analysis

i.    *Claims One and Two*

Plaintiff's Claims One and Two appear to be governed by the four-year period set forth in Section 337(3) of the Code of Civil Procedure, which applies to actions "based upon the rescission of a contract in writing," including rescissions based on fraud. Because this statute is more specific than the general statute of limitations for fraud, the Court will apply it to Claims One and Two. <u>See</u> <u>Cooper</u>, 186 Cal. at 332. Under Section 337(3), where rescission is based on fraud, the time does not begin to run "until the discovery by the aggrieved party of the facts constituting the fraud." In the present case, Plaintiff alleges that it was made aware of the fraud by August 1999, (see Compl. ¶ 9), and it filed the complaint on July 24, 2003. Accordingly, because Plaintiff commenced the action within four years from the date of discovery, Claims One and Two are not time-barred.

ii.    *Claim Three*

On the other hand, Plaintiff's Claim Three specifically seeks recovery for fraud. Thus, this claim is governed by the three-year statute of limitations applicable to actions seeking "relief on the

ground of fraud or mistake." See CAL. CIV. PROC. CODE § 338(d). Under Section 338(d), the cause of action is "not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." As noted above, Plaintiff has discovered the facts constituting Hennessey's alleged fraud by August 1999. (See Compl. ¶ 9.) Accordingly, because Plaintiff did not bring the present action until July 24, 2003, which is more than three years after the date of discovery, "'the running of the statute [of limitations] is apparent on the face of the complaint.'" See Huynh, 465 F.3d at 997 (citations omitted). Any recovery on Claim Three is thus time-barred.[10]

### iii.   Claim Four

Because the Court has already concluded that Plaintiff's Claim Four fails to state a claim upon which relief can be granted, (see supra Part I.C.iv), the Court need not decide at this time whether the three-year or four-year statute of limitations applies.

### iv.   Claim Five

Finally, Plaintiff's Claim Five also falls within the purview of the three-year statute of limitations of Section 338(d). See Creditors Collection Serv. v. Castaldi, 38 Cal. App. 4th 1039, 1043-44 (1995) ("'[A] quasi-contract action, in the form of a common count for money had and received, to recover money obtained by fraud . . . or mistake, is governed by [Section 338(d)].'" (quoting 3 WITKIN, CAL. PROCEDURE § 448, at 480 (3d ed. 1985))); First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1670 (1992) (same). Accordingly, for the same reasons as stated with regard to Plaintiff's claim for fraud, Plaintiff's Claim Five for "money had and received" is time-barred.[11]

## CONCLUSION

For the foregoing reasons, the Court finds and orders as follows:

(1)     Neither Section 1856 nor the Agreement's integration clause bar the introduction of extrinsic evidence of the alleged promises with regard to Plaintiff's Claims One and Two. With that evidence considered, Plaintiff's complaint pleads sufficient facts to state a claim both for rescission of contract based on fraud and for rescission of contract based on failure of consideration. Moreover,

---

[10] Plaintiff does not appear to dispute this conclusion in his Opposition to Motion to Dismiss. (See Pl. Opposition, at 7-8 (arguing only that Claims One, Two, and Four were not time-barred).)

[11] As is true with regard to Claim Three, Plaintiff does not appear to dispute in his Opposition to Motion to Dismiss that Claim Five is also time-barred. (See Pl. Opposition, at 7-8.)

neither Claim One nor Claim Two is time-barred by the applicable statute of limitations. Accordingly, the Court **DENIES** Hennessey's Motion to Dismiss with respect to Claims One and Two.

(2)     Although extrinsic evidence of the alleged promises may be admitted to consider Plaintiff's Claim Three, that claim appears to be time-barred on the face of the complaint by the applicable three-year statute of limitations. Accordingly, the Court **GRANTS** Hennessey's Motion to Dismiss in this regard and **DISMISSES WITH PREJUDICE** Plaintiff's Claim Three.

(3)     Because extrinsic evidence cannot be considered to the extent it attempts to contradict or vary the terms of a fully integrated agrement, the Court cannot consider the alleged promises with regard to Plaintiff's Claim Four for breach of contract. Without that evidence, the remaining facts in the complaint fail to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Hennessey's Motion to Dismiss in this regard and **DISMISSES** with leave to amend Plaintiff's Claim Four. If Plaintiff wishes to amend its complaint, it may do so within 20 days of the filling of this Order.

(4)     Finally, Plaintiff's Claim Five appears to be time-barred on the face of the complaint by the applicable three-year statute of limitations. Accordingly, the Court **GRANTS** Hennessey's Motion to Dismiss in this regard and **DISMISSES WITH PREJUDICE** Plaintiff's Claim Five.

**IT IS SO ORDERED.**

**DATED:  December 1, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

03cv1481-IEG (NLS)